UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
CHARLES CORNELIUS,                                :
                                                  :    Docket No.: 15-CV-_____
        Petitioner,                              :
                                                  :
  -against-                                      :
                                                  :
WARDEN, FORT DIX FCI                              :
                                                  :
       Respondent.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# PETITION OF CHARLES CORNELIUS FOR HABEAS CORPUS RELIEF UNDER SECTION 28 U.S.C. § 2241

ROSENBLATT LAW PC
Raphael M. Rosenblatt (RR5559)
21 Main Street
Court Plaza South, Suite 305
Hackensack, NJ 07601
Tel.:  551.444.8100
Fax:  551.497.4665 (fax)
Email:  Raphael@rosenblattlegal.com

CREIZMAN PLLC
Eric M. Creizman (Pro Hac Vice pending)
Melissa Madrigal  (Pro Hac Vice pending)
565 Fifth Avenue, Fl. 7
New York, New York 10017
Tel.: (212) 972-0200
Fax: (646) 200-5022
Email: ecreiz@creizmanllc.com
       mmadrigal@creizmanllc.com

*Attorneys for Charles Cornelius*

Dated:  August 14, 2015
      Hackensack, New Jersey

Charles Cornelius, through counsel, respectfully submits this petition in support of *habeas corpus* relief under 18 U.S.C. § 2241 based on the failure of the Bureau of Prisons to correctly calculate Mr. Cornelius's sentence. Because Mr. Cornelius is eligible for immediate release if he prevails on this Petition, we request that the Court give this application expedited treatment. Furthermore, although habeas petitioners generally are required to exhaust all administrative remedies—and Mr. Cornelius did here, as set forth below in Paragraph 17—exhaustion of administrative remedies is unnecessary where a prisoner is entitled to immediate release. *See Lyons v. U.S. Marshals,* 840 F.2d 202, 205 (3d Cir. 1988) (finding that exhaustion requirement is excused when it would expose the petitioner to irreparable injury without immediate relief).

## PRELIMINARY STATEMENT

Charles Cornelius is a federal prisoner who is currently incarcerated at Fort Dix Federal Correctional Institution ("Fort Dix FCI") for a federal offense for which he was sentenced to one-a-half years to follow consecutive to the ten-and-a-half year sentence he served in the Connecticut state prison system for related offenses. His statutory and Due Process rights are being violated by the Bureau of Prisons' failure to correctly calculate Mr. Cornelius's sentence, in that the BOP did not account for 1,065 days that Mr. Cornelius spent in pretrial confinement in Connecticut state prison. Indeed, Mr. Cornelius's ten-and-a-half year sentence actually lasted for close to 14 years because the Connecticut Department of Corrections effectively failed to provide him credit for the nearly three years he spent in pretrial detention.

Ignoring 18 U.S.C. § 3585, relevant case law, and BOP mandates, the BOP denied Mr. Cornelius credit for those 1,065 days he spent in state pretrial confinement, even though the federal charges arose out of the same conduct for which he was sentenced in the Connecticut

state courts. Had the BOP appropriately calculated Mr. Cornelius's sentence, Mr. Cornelius would have been released in May of 2015 when he completed his related state sentence. The BOP's erroneous calculation should not be permitted to stand. We respectfully request that the Court grant this petition for *habeas corpus* under 28 U.S.C. § 2241 and order Mr. Cornelius's immediate release from the custody of the Bureau of Prisons.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Mr. Cornelius's term in federal custody is being determined in violation of the Constitution and the laws of the United States.

## PARTIES

2. Mr. Cornelius is an inmate confined at Fort Dix FCI pursuant to the judgment of the United States District Court for the District of Connecticut in *United States v. Charles Cornelius*, 3:04-CR-127-AWT-1. (A copy of the Judgment in that case is annexed to the Declaration of Eric M. Creizman as Exhibit A).

3. J. Hollingsworth is the Warden of Fort Dix FCI and, through the Bureau of Prisons, is responsible for Mr. Cornelius's custody and calculation of his term of confinement.

## STATEMENT OF FACTS

4. On December 12, 2001, Mr. Cornelius was arrested on state charges of illegal weapons possession. Mr. Cornelius spent well over 1,000 days in pretrial detention within the harsh confines of Connecticut state prison until he pleaded guilty to various charges pending before different courts.

5. On August 10, 2004, Mr. Cornelius pled guilty in the Judicial District of New Haven, Docket No. NNH-CR01-0506510-T, to one count of attempted manufacture of a bomb

and two counts of possession of assault rifles.  On August 16, 2004, Mr. Cornelius pled guilty in the United States District Court for the District of Connecticut, Docket No. 04-CR-127(CFD), to unlawful transportation of a firearm and possession of false identification documents.[1] On August 17, 2004, Mr. Cornelius pled guilty in the Judicial District of Ansonia/Milford, Docket No. A22M-CR02-0120447-T, to possession of an assault weapon and a false statement charge.  All of the charges in the various jurisdictions arise out of the same series of events.

      6.      Mr. Cornelius was sentenced in each of the proceedings in the following order, which is relevant to this petition: On November 18, 20014, Mr. Cornelius was sentenced by the United States District Court to 18 months' imprisonment (*See* Creizman Decl. Ex. A); On December 9, 2004, Mr. Cornelius was sentenced by the Judicial District of Ansonia/Milford to 8 years' imprisonment, to be served concurrently with whatever sentence would be imposed in New Haven; and On December 22, 2004, Mr. Cornelius was sentenced in the Judicial District of New Haven to 12 years' imprisonment, followed by 10 years of special parole.  *See* Creizman Decl. Ex. B.

      7.      Accordingly, Mr. Cornelius was first sentenced in the United States District Court for the District of Connecticut (18 months), followed by the Judicial District of Ansonia/Milford (8 years), and then lastly in the Judicial District of New Haven (12 years). Mr. Cornelius began serving his state sentence, with the federal sentence to run consecutive to his state sentences, which were set to run concurrently.  Pursuant to Connecticut law in effect at the time, Mr. Cornelius only received pretrial detention credit—1,065 days—toward the first sentence imposed by the State of Connecticut, which in this case was the 8-year sentence in Ansonia/Milford.  *See*

---

[1] In *United States v. Charles Cornelius,* Docket No. 04-cr-127(CFD), Mr. Cornelius was indicted on April 21, 2004, and a federal detainer was lodged on April 23, 2004.

[2] In 2011, a Connecticut court reduced Cornelius's New Haven sentence from 12 years to 10.5 years because that court had intended the 1.5-year federal sentence to run concurrently to the

Conn. Gen. Stat. § 18-98d (2012); *Harris v Commissioner of Correction*, 27 Conn. 808 (2004).

8.  Accordingly, Mr. Cornelius did not effectively receive the benefit of those pretrial detention credits because they were not applied to the lengthier 12-year concurrent sentence imposed by New Haven simply because that sentence was imposed after the Ansonia/Milford sentence. Thus, although Mr. Cornelius's Ansonia/Milford sentence was reduced from 8 years to approximately 5 years, his concurrent 12-year New Haven sentence remained unaffected. Mr. Cornelius therefore received absolutely no benefit whatsoever from Connecticut's application of 1,065 days of credit for pretrial detention.[2]

9.  On December 9, 2014, Mr. Cornelius, through current counsel, wrote to the BOP Designation and Sentence Computation Center to request a *nunc pro tunc* designation of the Connecticut correctional institutions—where Mr. Cornelius was incarcerated from 2001 to 2004—as the place where Mr. Cornelius's federal sentence was already served. *See* Creizman Decl. Ex. C. After confirming that it would consider Mr. Cornelius's request (Creizman Decl. Ex. D), the BOP has ignored the request and thus, effectively has denied it.

10. On May 19, 2015, after satisfying the terms of incarceration ordered by the Connecticut courts, Mr. Cornelius was discharged from the Connecticut Department of Correction and transferred to the custody of the United States Marshal Service to serve his consecutive federal sentence. Mr. Cornelius is currently housed at Fort Dix FCI serving the 18-month sentence imposed by the United States District Court for the District of Connecticut, with an anticipated release date of September 9, 2016. *See* Creizman Decl. Ex. E. If the BOP properly credited the 1,065 days that he spent in pretrial detention in Connecticut state prisons,

---

[2] In 2011, a Connecticut court reduced Cornelius's New Haven sentence from 12 years to 10.5 years because that court had intended the 1.5-year federal sentence to run concurrently to the state sentences. Nothing, however, was done to give Mr. Cornelius any credit whatsoever for the nearly three years that he spent in pretrial confinement.

4

for which he effectively received no credit, then Mr. Cornelius would already have been released from incarceration.

## ARGUMENT

11. Prisoners seeking to challenge the execution of their sentence must proceed under 28 U.S.C. § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *See also Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (finding that under § 2241, a prisoner may challenge the calculations by the BOP of the credit to be given for other periods of detention).

12. 18 U.S.C. § 3585(b) provides that, when it "has not been credited against another sentence." "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed[.]"

13. *Nunc pro tunc* designation is a retroactive designation that the BOP may grant in accordance with the discretion it is given under 18 U.S.C. § 3621(b). This Court may review the BOP's denial of a *nunc pro tunc* designation for abuse of discretion. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

14. This is not a case in which Mr. Cornelius requests that the Court gift Mr. Cornelius with double credit for almost three years he spent in pretrial detention. To the contrary, this is Mr. Cornelius's last recourse to have the 1,065 days he spent within the confines of Connecticut prisons for related charges to mean something: to actually count towards his overall time of incarceration. Although Mr. Cornelius was granted 1,065 days toward his 8-year Milford/Ansonia sentence, but not his longer New Haven sentence, there was no practical relief or effect by the reduction. Specifically, courts have recognized that, in some instances, credit for

5

time served may properly be credited against two sentences.  *See United States v. Benefield*, 942 F.2d 60, 67 (1st Cir. 1991) (finding that credit granted by state court was rendered meaningless when not similarly reflected in the defendant's federal sentence); *See also Cozine v. Crabtree*, 15 F. Supp. 2d 997 (D. Oregon 1998) (designating state sentence, *nunc pro tunc*, as place for service of federal sentence where prisoner was wrongfully deprived of the benefit of his concurrent state sentence).

15. In *Benefield*, the defendant was being held in state custody for related state law violations when he was charged with a federal firearm violation that arose out of the same series of events as the state charge.  942 F.2d at 66.  The defendant was convicted in both jurisdictions. Although he received pretrial credit against his state sentence, he was not granted similar credit against his concurrent federal sentence.  The court directed the district court to order that the defendant be credited for his pretrial confinement credit: "while we appreciate that multiple credit for the same period of presentence incarceration is prohibited under certain circumstances…an across-the-board prohibition under all circumstances would lead to illogical results. For example, in the instant case any credit granted by the state court was rendered meaningless when not similarly reflected in Benefield's concurrent federal sentence." *Id.* at 67. The court remanded the matter with instructions for the district court to impose a period of incarceration commensurate with the defendant's corresponding state sentence to avoid an "unsuitable result." *Id.*

16. The same reasoning in *Benefield* applies with equal force here.  Although 18 U.S.C. § 3585(b) prohibits crediting an inmate for pretrial custody time that has been credited toward another sentence, there are clearly situations such as this one where that would lead to an illogical and unsuitable result.  Despite the language of the statute, other courts have allowed

6

credit on a federal sentence where the state has similarly credited the inmate. A similar result should follow here. Denying Mr. Cornelius credit for the 1,065 days he spent in pretrial confinement, for which he effectively received no benefit at all, would lead to the type of "unsuitable" and "illogical" result that *Benefield* and other cases warn against.

17. Although not a jurisdictional requirement, federal prisoners are ordinarily required to exhaust all administrative remedies before filing a habeas petition pursuant to 18 U.S.C. § 2241. *See Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *See also Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 76-62 (3d Cir. 1996). Here, Mr. Cornelius wrote to the BOP Sentence Computation Committee in an effort to resolve this issue and requested a *nunc pro tunc* designation. His petition was ignored, and therefore, effectively denied. In any event, the exhaustion requirement here should be excused because Mr. Cornelius is entitled to immediate release. *See Lyons,* 840 F.2d at 205. Indeed, if Mr. Cornelius were required to pursue administrative exhaustion, the administrative process would continue for some time, which would undoubtedly lead to irreparable harm and render his petition moot.

## **CONCLUSION**

WHEREFORE, Mr. Cornelius respectfully requests that this Court:

(1) Grant the writ of habeas corpus; and

(2) Order that the BOP recalculate Mr. Cornelius's release date reflecting credit for 1065 days of pretrial confinement, entitling Mr. Cornelius to immediate release.


Dated: August 14, 2015

                ROSENBLATT LAW PC
                *Attorneys for Petitioner Charles Cornelius*

            By: /s/ Raphael Rosenblatt
                Raphael M. Rosenblatt (RR5559)
                21 Main Street
                Court Plaza South, Suite 305
                Hackensack, NJ 07601
                Tel.: 551.444.8100
                Fax: 551.497.4665 (fax)
                Email: Raphael@rosenblattlegal.com


                CREIZMAN PLLC
                Eric M. Creizman (pro hac vice pending)
                Melissa Madrigal (pro hac vice pending)
                565 Fifth Avenue, Fl. 7
                New York, New York 10017
                Tel.: (212) 972-0200
                Fax: (646) 200-5022
                Email: ecreiz@creizmanllc.com
                          mmadrigal@creizmanllc.com