# CREIZMAN LLC

565 Fifth Avenue 7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ccreizm@creizmanllc.com
www.creizmanllc.com

*By Express Mail*

December 9, 2014

Federal Bureau of Prisons
Designation and Sentence Computation Center (DSCC)
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

Re: *United States v. Charles Cornelius*, 04-CR-127 (CFD)

Dear Sirs or Madams:

I am writing on behalf of Charles Cornelius to request a *nunc pro tunc* designation of Cheshire Correctional Institution as the state institution for Mr. Cornelius to serve his federal sentence in the above captioned case.[*]

On December 12, 2001, Mr. Cornelius was arrested on state charges of illegal weapons possession. Mr. Cornelius spent well over 1,000 days in pretrial detention—from December 12, 2001 to December 9, 2004—before he agreed to plead guilty to various charges pending before different courts.

> **Judicial District of New Haven:** On August 10, 2004, Mr. Cornelius pled guilty in the Judicial District of New Haven, Docket No. NNH-CR01-0506510-T, to one count of attempted manufacture of a bomb and two counts of possession of assault rifles.

> **United States District Court, District of Connecticut:** On August 16, 2004, Mr. Cornelius pled guilty in the United States District Court for the District of Connecticut, Docket No. 04-CR-127(CFD), to the unlicensed transportation of two firearms and two counts of possession of assault rifles.

> **Judicial District of Ansonia/Milford:** On August 17, 2004, Mr. Cornelius pled guilty in the Judicial District of Ansonia/Milford, Docket No. A22M-CR02-0120447-T, to possession of an assault weapon and a false statement charge.

---

[*] Attached please find originals signed by Mr. Cornelius of (i) Certificate of Identity and (ii) Authorization to Release Confidential Information.

DSCC
December 9, 2014
Page 2

Charles Cornelius was sentenced by in each of the above proceedings in the following order, which is extremely relevant to this request: On November 18, 2004, Mr. Cornelius was sentenced by the U.S. District Court to 18 months' imprisonment. On December 9, 2004, Mr. Cornelius was sentenced by the Judicial District of Ansonia/Milford to eight years' imprisonment, to be served concurrently with whatever sentence would be imposed in New Haven. On December 22, 2004, the court in the Judicial District of New Haven sentenced Mr. Cornelius to a total effective sentence of 12 years, followed by 10 years of special parole.

Accordingly, Mr. Cornelius was first sentenced in the District Court for the District of Connecticut (18 months), followed by the Judicial District of Ansonia/Milford (8 years), and then lastly in the Judicial District of New Haven (12 years). Under Connecticut law in effect at the time, Mr. Cornelius only received pretrial detention credits—1,065 days—toward the *first* sentence imposed by the State of Connecticut, which in this case was the 8-year sentence in Ansonia/Milford. *See* Conn. Gen. Stat. § 18-98d (2012); *Harris v. Commissioner of Correction*, 271 Conn. 808 (2004). However, the pretrial detention credits were *not applied* to the concurrent sentence imposed by New Haven, which was longer. That is because Connecticut law credits inmates awaiting trial by applying pretrial credit toward only *one* sentence—the first sentence imposed—even if the inmate has several cases pending in different Connecticut jurisdictions. Accordingly, Mr. Cornelius's Ansonia/Milford sentence was reduced from 8 years to approximately 5 years. However, because the 12-year New Haven sentence—which ran concurrently—remained unaffected, and no pretrial credits were provided pursuant to Connecticut law, there was *absolutely no benefit* that inured to Mr. Cornelius from the application of the pretrial credits.

After unsuccessfully requesting relief from the Connecticut Department of Corrections, Mr. Cornelius filed a motion for relief from the United States District Court for the District of Connecticut, asking that the court order Mr. Cornelius's federal sentence to run concurrent with his state sentences (thereby lifting the federal detainer). Mr. Cornelius's motion was denied. On January 4, 2011, as a result of the denial of relief in the District Court, the court in New Haven modified Mr. Cornelius's sentence—reducing it by 18 months—to reflect the time Mr. Cornelius would have to serve pursuant to the federal detainer after the completion of his state sentences. However, nothing was done to address the issue of Mr. Cornelius effectively not receiving credits for *approximately three years* pretrial detention.

Currently, Mr. Cornelius's release date from Connecticut Department of Corrections is May 19, 2015. After his release, Mr. Cornelius will be forced to serve an 18-month sentence pursuant to the federal detainer. Accordingly, Mr. Cornelius respectfully requests that the Bureau of Prisons issue a *nunc pro tunc* designation of the Connecticut correctional institutions—where Mr. Cornelius was incarcerated from 2001-2004—as the place where Mr. Cornelius's federal sentence was already served. *See* United States Department of Justice, Federal Bureau of Prisons Program Statement No. 5160.05, designation of State Institution for Service of Federal Sentence (2003). The Supreme Court, Congress, and Bureau of Prisons policy have made clear that defendants should receive credit for time spent in custody. Mr. Cornelius should not lose 1,065 days of pretrial detention credits merely because of the nuisance that results from the then-existing (and in our view, arbitrary and capricious) Connecticut law.

DSCC
December 9, 2014
Page 3

This is not a case in which Mr. Cornelius requests the BOP gift Mr. Cornelius with double credit for his almost three years in pretrial detention. To the contrary, this is Mr. Cornelius's last recourse to have the 1065 days he spent within the harsh confines of Connecticut prisons actually have the effect of reducing his overall time of incarceration. *See* 18 U.S.C. § 3621(b) (stating that the BOP shall designate the place of the prisoner's imprisonment, whether maintained by the federal government or otherwise).

Accordingly, Mr. Cornelius respectfully requests that the Bureau of Prisons credit him with his 1065 days of pretrial confinement, thereby eliminating the federal detainer.

Very truly yours,

Eric Creizman
Melissa Madrigal


Enclosures:    DOJ Form 361
               DOJ Authorization Form
               Federal Judgment

BP-A0301
JUN 10

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

**AUTHORIZATION TO RELEASE CONFIDENTIAL INFORMATION**

I authorize release to the United States Department of Justice all confidential records and information concerning me.

El abajo firmante authoriza al Funcionario del el Departamento de Justicia de los Estados Unidos a disponer y obtener todos los records e información confidencial referente mi persona.

J'autorise le délégué à U.S. Department of Justice à avoir acces á tous documents et informations de nature confidentielle qui me concernment.

| 1. Name (Last, First, Middle)<br>NOMBRE (Apellido, Primero & Segundo)<br>NOM (de famille, prenom, mon de jeune fille)<br><br>Cornelius, Charles A | 2. Date of Birth<br>Fecha de nacimiento<br>DATE DE NAISSANCE<br><br>Dec 26 1969 |
|---|---|
| 3. Signature<br>Firma<br>Signature | 4. Date signed<br>Fecha de la firma<br>DATE DE SIGNATURE<br><br>Aug 12 2014 |

FILE IN SECTION 2 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 2**

Prescribed by P1351   Replaces BP-301(51) of MAR 03

U.S Department of Justice      **Certification of Identity** 

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    Charles Cornelius

Citizenship Status [2]    U.S.A.    Social Security Number [3] ███████

Current Address    900 Highland Ave Cheshire CT

Date of Birth    12-26-69    Place of Birth    New Haven

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    /s/    Date    12-1-14

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361