## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| CHARLES CORNELIUS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-6201 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FORT DIX FCI, | : | **OPINION** |
| | : | |
| Respondent. | : | |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Petitioner, Charles Cornelius, is a federal prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges how the Federal Bureau of Prisons ("BOP") is calculating his federal sentence. For the following reasons, the habeas petition will be denied.

### II.    BACKGROUND

Petitioner was initially arrested in December, 2001 on Connecticut state charges. Petitioner was separately charged in Connecticut in New Haven and Ansonia/Milford. Petitioner was also indicated on federal charges in the United States District Court for the District of Connecticut. Ultimately, after pleading guilty, petitioner received two separate state convictions on different charges and one separate federal conviction. Petitioner was first sentenced in the District of Connecticut after appearing via a writ of habeas corpus *ad prosequendum* on November 18, 2004 to unlawful transportation of a firearm and possession of false identification documents in the United States District Court for the District of Connecticut. He received a sentence of 18 months on that federal conviction.

On December 9, 2004, petitioner was sentenced in the Judicial District of Ansonia/Milford to possession of an assault weapon and a false statement charge. He received an eight-year sentence that was to run concurrently with whatever sentence petitioner would receive on the New Haven charges. On December 22, 2004, petitioner was sentenced in the Judicial District of New Haven to one count of attempted manufacture of a bomb and two counts of possession of assault rifles. He received a twelve year sentence for those convictions.

Petitioner began serving his state sentences which were to run concurrent with each other with his federal sentence to run consecutive thereafter. Petitioner's pretrial custody credit of 1,065 days was applied to his eight-year state sentence by state authorities. However, his longer concurrent twelve-year state sentence remained unaffected by this application because his pretrial custody credit was only applied to his first state sentence under the applicable state law. In 2011, a Connecticut state court reduced petitioner's New Haven twelve-year sentence to 10.5 years.

In December, 2008, petitioner filed a motion in the District of Connecticut asking the federal court to rescind the federal detainer against him because he fully served his federal sentence according to the terms of the Court's judgment. However, on May 18, 2009, the District of Connecticut denied petitioner's motion because the sentencing and judgment in petitioner's federal case reflected the Court's decision that the federal sentence was not to be concurrent to his two state sentences.

In December, 2014, petitioner requested that the BOP designate Connecticut's Cheshire Institution *nunc pro tunc* for service of his federal sentence. On December 19, 2014, the BOP denied petitioner's request. (*See* Dkt. No. 7-10 at p. 2).

On May 19, 2015, petitioner was discharged from state confinement and began serving his eighteen-month federal sentence. Petitioner's current projected release date from this federal sentence is September 8, 2016.

Petitioner filed this counseled federal habeas petition in August, 2015. He claims that while he was granted 1,065 days of credit towards his eight-year Ansonia/Milford state sentence, but not his longer New Haven state sentence, there was no practical relief or effect by that reduction. Thus, he argues that if that period is applied, he is entitled to immediate release from incarceration.

Respondent has filed a response in opposition to the habeas petition. Respondent argues that the habeas petition should be denied because petitioner has failed to exhaust his administrative remedies. Alternatively, respondent asserts that the habeas petition can be denied on the merits as well. Petitioner filed a reply brief in support of his habeas petition.

## III.    DISCUSSION

As stated above, respondent makes two principal arguments for why the habeas petition should be denied; specifically:  (1) lack of exhaustion; or (2) on the merits. Because petitioner's habeas petition lacks merit for the reasons that follow, this Court will bypass respondent's lack of exhaustion argument and move directly to considering the habeas petition on the merits.

Section 2241 "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe,* 681 F.3d 533, 536 (3d Cir. 2012) (*Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005) (quoting *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2005))) (footnote omitted). The execution of one's sentence includes such matters as the computation of a prisoner's sentence by prison officials. *See Woodall,* 432 F.3d at 242 (citing *Jiminian v. Nash,* 245 F.3d 144, 147 (2d Cir.

2001)). As petitioner is challenging the computation of his federal sentence, this matter is properly before this Court as a § 2241 habeas action.

"The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky,* 427 F. App'x 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson,* 503 U.S. 329, 333–35, (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585).

The primary custody or primary jurisdiction doctrine "relates to the 'determination of priority and service of sentence between state and federal sovereigns.'" *George v. Longley,* 463 F. App'x 136, 138 n.4 (3d Cir. 2012) (citing *Taylor v. Reno,* 164 F.3d 440, 444 n. 1 (9th Cir. 1998)). "Custody is usually determined on a first-exercised basis, *see Reynolds v. Thomas,* 603 F.3d 1144, 1152 (9th Cir. 2010), and can be relinquished by granting bail, dismissing charges, and paroling the defendant. Custody can also expire at the end of a sentence." *George,* 463 F. App'x at 138 n.4 (citing *United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005)); *see also Davis v. Sniezek,* 403 F. App'x 738, 740 (3d Cir. 2010) (citation omitted). "The sovereign with primary custody 'is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition.'" *Preston v. Ebert,* No. 12–1038, 2014 WL 4258338, at *6 (M.D. Pa. Aug. 25, 2014) (quoting *Smith v. Meeks,* No. 13–0005, 2013 WL 3388913, at *2 (W.D. Pa. July 8, 2013) (citing *Bowman v. Wilson,* 672 F.2d 1145, 1153–54 (3d Cir. 1982))).

Petitioner was in the primary custody of the state prior to being sentenced in federal court on November 18, 2004. Petitioner was "borrowed" from the state authorities by the federal

authorities pursuant to a writ of habeas corpus *ad prosequendum.* The fact that petitioner was received in federal court pursuant to a writ of habeas corpus *ad prosequendrum* did not change the fact that petitioner remained in the primary custody of the state, and therefore, his consecutive federal sentence did not begin to run at that time. *See Williams v. Zickefoose,* 504 F. App'x 105, 107 n.1 (3d Cir. 2012) (citing *Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir. 2000)); *see also Reyes v. Samuels,* No. 06–3819, 2007 WL 655487, at *5 (D.N.J. Feb.23, 2007) ("A sovereign does not relinquish authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum.*") (citations omitted).

Nevertheless, petitioner argues that he should be released from his federal sentence at this time. Petitioner asserts that he should be released from his federal sentence because the 1,065 days of pretrial custody he served was applied to his Ansonia eight-year state sentence under state law as he received that state sentence first. However, because his second concurrent New Haven state sentence of twelve years (now 10.5 years) was longer than the eight-year sentence, petitioner argues that there was no *practical relief or effect* by the reduction of his eight-year concurrent Ansonia state sentence.

Petitioner's arguments notwithstanding, as detailed above, petitioner did not begin serving his federal sentence until he was released from state custody after serving his state sentences. His dissatisfaction is with how the Connecticut authorities determined his state sentences under state law, not with how the BOP is executing his federal sentence. Indeed, his federal sentence is deemed to have commenced once he was released from his state sentences as the state maintained primary custody jurisdiction over petitioner until that time. The BOP could not award petitioner credit on his federal sentence for his 1,065 days of presentence custody because that time period was in fact applied to another sentence. *See* 18 U.S.C. § 3585(b).

The cases that petitioner cites to in his brief do not alter this outcome. For example, petitioner cites to *United States v. Benefield*, 942 F.2d 60 (1st Cir. 1991) and *Cozine v. Crabtree*, 15 F. Supp. 2d 997 (D. Or. 1998) to argue that courts have recognized in some instances that "credit time served may properly be credited to two sentences." (Dkt. No. 1 at p. 6-7) However, as noted by the respondent, unlike those two cases which involved concurrent federal sentences, this case involved a *consecutive* federal sentence to his state sentences. Thus, petitioner's reliance on those cases is unpersuasive. *See Castro v. Sniezek*, 437 F. App'x 70, 73 (3d Cir. 2011) (petitioner not entitled to limited exceptions to § 3585(b)'s prohibition against double credit because limited exceptions require "as a prerequisite that the state and federal sentences in question be concurrent") (citing *Rios v. Wiley*, 201 F.3d 257, 272 n.13 (3d Cir. 2000)).

## IV.    CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied. An appropriate order will be entered.

DATED:  April 28, 2016                    s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge